Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Janine Mothershed; and Joey Mothershed; | ) ) ) ) ) | No. |
| Plaintiffs, | ) ) | **COMPLAINT** |
| v. | ) ) ) | |
| Thunderbird Collection Specialists, Inc.; and Donna Costa; | ) ) ) | (Jury Trial Demanded) |
| Defendants. | ) ) ) ) | |

## I.  Preliminary Statement

1.      Plaintiffs bring this action for damages based upon Defendants' viola-

tions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§§ 1692 *et seq*., and for state law claims of unreasonable debt collec-

tion and invasion of privacy. In the course of attempting to collect a

debt, Defendants intentionally engaged in deceptive, unfair and abusive

debt collection practices in violation of the FDCPA, and took actions

which constitute unreasonable debt collection and invasion of privacy

under the doctrine enunciated in *Fernandez v. United Acceptance Corporation*, 610 P.2d 461 (Ariz. App. 1980).  Plaintiffs seek to recover statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II.  JURISDICTION

2.      Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims. Venue lies in the Phoenix Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendants perpetrated therein.

## III.  PARTIES

3.      Plaintiffs are residents of Pinal County, Arizona.

4.      Plaintiffs are natural persons who are obligated to pay two medical debts which was incurred for personal, family, or household purposes.

5.      Plaintiffs are "consumers" as that term is defined by FDCPA § 1692a(3).

6.      Defendant Thunderbird Collection Specialists, Inc. ("TCS") is an Arizona corporation.

7.      TCS is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0005528.

8.      TCS collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it claims to have purchased or to have been assigned after default.

9.      TCS is a "debt collector" as that term is defined by FDCPA § 1692a(6).

10.     Defendant Donna Costa is a natural person residing within the state of

- 2 -

1    Arizona.

2    11.   At all times relevant herein, Costa was employed by TCS as a debt

3          collector.

4    12.   As part of her employment with TCS, Costa collects or attempts to

5          collect debts owed or asserted to be owed or due another.

6    13.   At all times relevant herein, Costa was acting as a "debt collector" as

7          that term is defined by FDCPA § 1692a(6).

8    14.   As an employee and agent of TCS, TCS is liable for the actions taken

9          by Costa in connection with her employment at TCS as a debt collector.

10                        **IV.  Factual Allegations**

11   15.   In 2013, Plaintiff Janine received medical services from several provid-

12         ers, but had no insurance.

13   16.   Plaintiffs made arrangements to make monthly payments which were

14         made until Janine lost her job in March 2014.

15   17.   Sometime after March 2014, two the medical providers assigned Plain-

16         tiffs' remaining balances to TCS for collection purposes.

17   18.   Janine started a new job through a temporary agency on July 7, 2014.

18   19.   Janine hoped and intended that her temporary employment assignment

19         would result in a permanent hiring after three months.

20   20.   On July 17, 2014, TCS sent a collection letter to Plaintiff concerning

21         the collection of these two medical debts. (A copy of the letter is

22         attached hereto as Exhibit A.)

23   21.   In Exhibit A, TCS states:

24               MAY I SUGGEST YOU HAVE OUR ATTORNEY
                 DETERMINE YOUR LIABILITY ON THIS OBLI-
25               GATION. IF YOU DO NOT WISH TO SEEK THE

                             - 3 -

ADVICE OF AN ATTORNEY, YOU MUST CON-
TACT THIS OFFICE AND ARRANGE SETTLE-
MENT OF YOUR DEBT IMMEDIATELY TO
AVOID FURTHER COLLECTION PROCEDURE.

IT IS IN YOUR BEST INTEREST TO RESPOND
AT ONCE.

22.   TCS sent Exhibit A to Plaintiffs intending to make Plaintiffs believe that legal action concerning the collection of these medical debts was imminent.

23.   Upon information and belief, at the time TCS sent Exhibit A, it had no authority from its clients to take legal action against Plaintiffs to collect these medical debts.

24.   Upon information and belief, at the time TCS sent Exhibit A, it did not intend to take legal action against Plaintiffs to collect these medical debts.

25.   At about the same time, Donna began calling Janine on her personal phone line concerning the collection of these medical debts.

26.   During these calls Janine repeatedly acknowledged that she owed the debts, and told Donna that she would resume making monthly payment starting in August, as she had just started back to work.

27.   At one point during these calls, Donna told Janine that that her offer to start making payments in August was not good enough, and that she was turning this matter over to an attorney.

28.   Donna's statement about turning this matter over to an attorney was made with the intent of making Plaintiffs believe that legal action concerning the collection of these medical debts was imminent.

29.   Upon information and belief, at the time Donna made the statement

about turning this matter over to an attorney, TCS had no authority from its clients to take legal action against Plaintiffs to collect these medical debts.

30.   Upon information and belief, at the time Donna made the statement about turning this matter over to an attorney, TCS did not intend to take legal action against Plaintiffs to collect these medical debts.

31.   In each subsequent call from Donna, Janine said that her financial situation had not changed and that she could not begin making any payments until August.

32.   After one such call on or about July 24, 2014, Donna telephoned Janine's supervisor at her new job and left a message on her voice mail telling her to have Janine Mothershed contact her.

33.   On that same day, Janine's supervisor sent her an email with a message which stated:

> Hi Janine,
> I received a message on my office line for you. The message was from Donna Costa. Her number is 480-946-3299 Ext. 254

34.   Upon receipt of the email from her boss, Janine became very upset and worried that TCS's call to her new job and supervisor would jeopardize her opportunity to be hired on permanently.

35.   Janine was also very stressed and embarrassed that Donna had called her boss and left a message for her to call, because she had just spoken to her.

36.   Janine believed that Donna intentionally called her boss to cause her anxiety, stress and worry, in order to coerce an immediate payment on

1    the medical debts.

2    37.    At the time Donna called Janine's boss, TCS knew her current phone

3           number and address, and had repeatedly called Janine at her personal

4           phone number which she had answered.

5    38.    At the time Donna called Janine's boss, TCS knew or should have

6           known that the call and subsequent message would embarrass her and

7           cause her emotional distress.

8    39.    Shortly after receiving her boss's email, Janine immediately called

9           Donna who stated: "Oh, you got my message from your employer. Are

10          you ready to made a payment now?"

11   40.    Janine told Donna to never call her employer again, and reminded here

12          that she had repeatedly explained her financial situation, and that she

13          could not make a payment towards these medical debts until August.

14   41.    Janine then asked to speak with a manager, after which Donna

15          immediately hung up.

16   42.    Janine called TCS back and asked for a manager; Donna hung up

17          again.

18   43.    Janine called back again blocking her phone number, and she was

19          transferred to Roxanne.

20   44.    After Janine explained her financial situation and her problems with

21          Donna, Roxanne simply asked "are you ready to made a payment?"

22   45.    Janine called TCS again and was eventually transferred to Ralph, who

23          was identified as the collection manager for TCS.

24   46.    Ralph told Janine that TCS was suing her and taking her to court, and

25          that TCS would not wait until August to begin receiving payments.

47.   TCS's repeated threat of legal action was very upsetting to Janine causing her extreme emotional distress, anxiety and worry.

48.   Upon information and belief, at the time Ralph threatened Janine with legal action, TCS did not have authority or permission from its clients to file suit.

49.   Upon information and belief, at the time Ralph threatened legal action, TCS did not intend to take legal action against Plaintiffs.

50.   As a result of Defendants' actions as outlined above, Plaintiffs have suffered damages including, but not limited to, embarrassment, humiliation, fear, anxiety, invasion of privacy, and other extreme emotional distress.

51.   Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiffs' rights, and part of Defendants' persistent and routine practice of debt collection.

52.   In the alternative, Defendants' actions were negligent.

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

53.   Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

54.   Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(b), 1692d, 1692d(6), 1692e, 1692e(5), 1692e(10), and 1692e(14).

55.   As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiffs have suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendants for:

a)     Actual damages under the FDCPA;

b)     Statutory damages under the FDCPA;

c)     Punitive damages;

d)     Costs and reasonable attorney's fees pursuant to the FDCPA; and

e)     Such other relief as may be just and proper.


DATED  July 30, 2014 .


s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs